

Case 1:19-cv-06099-PKC-PK   Document 1   Filed 10/29/19   Page 1 of 20 PageID #: 1

**CV 19-6099**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK



IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 29 2019 ★
BROOKLYN OFFICE

| | |
|---|---|
| HONG TANG<br><br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br><br>-against-<br><br>JUSTIN P. GROSSMAN, in his individual and official capacities (as City Marshal);<br>NEW YORK CITY DEPARTMENT OF INVESTIGATION;<br>CITY OF NEW YORK.<br><br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Complaint for a Civil Case<br><br>Case No. _____<br>*(to be filled in by the Clerk's Office)* CHEN, J.<br><br>Jury Trial:  ☐ Yes  ☒ No KUO, M.J.<br>*(check one)* |

RECEIVED
OCT 2019
PRO SE OFFICE

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Hong Tang |
| Street Address | 1288 Columbus Ave #213 |
| City and County | San Francisco |
| State and Zip Code | CA 94133 |
| Telephone Number | 916-799-6363 |
| E-mail Address | mailhongtang@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Justin P. Grossman, in his official and individual capacities |
| Job or Title | City Marshal (if known) |
| Street Address | 378 93rd Street, Suite 1R |
| City and County | Brooklyn |
| State and Zip Code | NY 11209 |
| Telephone Number | |
| E-mail Address | (if known) |

Defendant No. 2

| | |
|---|---|
| Name | New York City Department of Investigation |
| Job or Title | (if known) |
| Street Address | 180 Maiden Lane |

2

| | |
|---|---|
| City and County | New York |
| State and Zip Code | NY 10038 |
| Telephone Number | |
| E-mail Address | _____ (if known) |

Defendant No. 3

| | |
|---|---|
| Name | City of New York |
| ~~Job or Title~~ | Attn: Corporation Counsel _____ (if known) |
| Street Address | 100 Church St., 5th Fl. |
| City and County | New York |
| State and Zip Code | NY 10007 |
| Telephone Number | |
| E-mail Address | _____ (if known) |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title | _____ (if known) |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address | _____ (if known) |

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

3

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S. Code § 1983 _____

28 U.S. Code § 1367 _____

_____

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a.   If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.   If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a.   If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

4

b.        If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

_____

_____

### III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. Defendant, Justin P. Grossman, City Marshal of the City of New York, served a notice of eviction (alternative service/mailing) on Plaintiff on October 6, 2016. First Judicial Department Appellate Term of the Supreme Court issued an order on October 13, 2016, staying the enforcement of the final judgment and warrant of eviction. (See Exhibit A) The Appellate Term's stay order was properly served on Defendant Justin P. Grossman

5

on October 14, 2016. (See Exhibit B) The court-ordered stay expired on October 27, 2016. The Appellate Term of the Supreme Court did not waive the requirement of an additional notice of eviction. Defendant Justin P. Grossman is required by law and policy to serve an additional notice of eviction before executing the warrant of eviction. (See Exhibits C and D) Defendant did not serve an additional notice of eviction on Plaintiff and just took legal possession of the premises on November 3, 2016 by surprise, although on the scene Plaintiff informed Defendant of the fact that no additional notice of eviction had been given yet and an additional notice before executing the warrant of eviction is required by law and policy. Defendant ignored it and carried out the eviction (legal possession) on November 3, 2016. For the foregoing reasons, Defendant Justin P. Grossman deprived Plaintiff of rights of **due process** and **equal protection**, with deprivation of both liberty and property interests. *Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Educ.*, 42 F.3d 719 (2d Cir. 1994), cert. denied, 515 U.S. 1160, 115 S.Ct. 2612, 132 L.Ed.2d 856 (1995); *Vitarelli v. Seaton*, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); *Clemente v. United States*, 766 F.2d 1358 (9th Cir. 1985); *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978); *Yick Wo v. Hopkins*, 118 U.S. 356 (1886).

2. The injuries are also unlawfully caused by the policy and custom of Defendants, New York City Department of Investigation and the City of New York. Defendant Justin P. Grossman's ignoring and being ignorant of law and policy is a direct result of the failures of Defendants, New York City Department of Investigation and the City of New York, to provide adequate training, exercise necessary supervision, and properly implement policies and internal process to ensure the city marshal to comply with the legal and policy requirements as to an eviction (legal possession), *inter alia*, and thus all three defendants are liable for the damages. *City of Canton v. Harris*, 489 U.S. 378 (1989); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Felder v. Casey*, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988); *Rattner v. Planning Comm'n of Pleasantville*, 156 A.D.2d 521, 525, 548 N.Y.S.2d 943, 947 [2d Dep't 1989]; *Beary v. City of Rye*, 44 N.Y.2d 398, 412, 377 N.E.2d 453, 458, 406 N.Y.S.2d 9, 13 [1978].

3. Moreover, for the aforementioned reasons, Plaintiff also asserts the following six causes of action against Defendant Justin P. Grossman: unlawful eviction under Section 853 of

the Real Property Actions & Proceedings (RPA) Law, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, conversion, and trespass to chattels. Pursuant to 28 U.S.C. § 1367, Plaintiff hereby requests the district court to exercise supplemental jurisdiction over these related claims besides the aforementioned 42 U.S.C. § 1983 claims.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Monetary relief, awarding Plaintiff compensatory and punitive damages in the amount of $504,000 (equal to approximately four times the additional costs of living as of the commencement of this action) plus prejudgment interests;
2. Monetary relief, awarding Plaintiff costs pursuant to 42 U.S.C. § 1988.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 28, 2019.

Signature of Plaintiff           _____

Printed Name of Plaintiff        HONG TANG_____

# Exhibit A

APPELLATE TERM OF THE SUPREME COURT
FIRST DEPARTMENT
60 CENTRE STREET, ROOM 401
NEW YORK, NEW YORK 10007        (646) 386-3040

Civil Court N.Y. County L&T Index #74171/15

351 East 4th LLC  -against- Hong Tang a/k/a Roy Hong

IT IS HEREBY ORDERED THAT PENDING THE DETERMINATION OF THIS MOTION, LET THE ENFORCEMENT OF THE FINAL JUDGMENT AND WARRANT OF EVICTION

## BE STAYED.

THIS MOTION IS RETURNABLE ON **October 24, 2016**

A copy of the notice of motion (plus **all** supporting papers) is to be personally served and/or served by overnight delivery

    Upon:    Todd Rothenberg, Esq.
                  271 North Avenue, Suite 115
                  New Rochelle, N.Y. 10801

so that the papers arrive *ON OR BEFORE* October 17, 2016  BY 5 pm

Dated: NY, NY   October 13, 2016

                                            OCT 13 2016
                              LING-COHAN, J.
                              Justice, Appellate Term
                              Supreme Court, First Department

PLEASE NOTE: In order to prevent your eviction, a copy of this order should be served on the Marshal.

These **original papers**, along with proof of service, **MUST** be returned to the Appellate Term Clerk's Office prior to the return date.

# Exhibit B

## AFFIDAVIT OF SERVICE

**State of New York**  **County of New York**  **Civil Court**

Index Number: LT-074171-15/NY
Date Filed: _____

Plaintiff:
**351 East 4th Street LLC**

vs.

Defendant:
**Hong Tang AKA Roy Hong**

For:
HONG TANG
351 E 4th Street, Apt 2B
New York, NY 10009

Received by Direct Process Server LLC on the 14th day of October, 2016 at 12:23 pm to be served on **JUSTIN GROSSMAN BADGE #28, 378 93rd STREET, SUITE 1R, C/O CITY MARSHAL, BROOKLYN, NY 11209.**

I, Allison Skinner- Holder, being duly sworn, depose and say that on the **14th day of October, 2016 at 12:55 pm, I:**

Served a copy of the Stay Order on JUSTIN GROSSMAN BADGE #28 by mailing one true copy of the Stay Order in postpaid envelope addressed to: 378 93rd STREET, SUITE 1R, C/O CITY MARSHAL, BROOKLYN, NY 11209 by Overnight Mail with serial number 94701116990006222232710 on 10/14/2016 and received in an official depository under the exclusive care and custody of the U.S.P.S. within the State of New York

**Additional Information pertaining to this Service:**
10/14/2016 12:28 pm  MAILED OVERNIGHT UPS

I certify that I am over the age of 18, have no interest in the above action. Under penalties of perjury, I declare I have read the foregoing document and the facts stated are true.

Subscribed and Sworn to before me on the 14 day of OCTOBER, 2016 by the affiant who is personally known to me.

NOTARY PUBLIC
DIANE SMID
Notary Public, State of New York
No. 01SM6211141
Qualified in Suffolk County
Commission Expires Sept. 14, 20 17

Allison Skinner- Holder

**Direct Process Server LLC**
22 Southern Blvd
Suite 103
Nesconet, NY 11767
(631) 406-6989

Our Job Serial Number: DPR-2016003508

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1i



# Exhibit C



The City of New York
Department of Investigation

# New York City Marshals
# Handbook of Regulations

Effective Date:
**April 24, 2013**
**Printed January 2014**

**Department of Investigation**                                          CHAPTER IV

                                                          EVICTIONS AND LEGAL POSSESSIONS

NEW YORK CITY MARSHALS HANDBOOK OF REGULATIONS                          PG. 58

Section 5-4: **Additional Notice of Eviction after Thirty Days or Stay of Eviction**

The public policy underlying the requirement of the 72-hour notice is to ensure that a tenant will have adequate notice of his or her impending eviction. Where, after delivery, the notice becomes stale, it no longer fulfills its purpose. Consequently, the Department of Investigation requires city marshals to give tenants additional notices of eviction in two situations:

- The marshal must give the respondent an additional notice of eviction where thirty days have elapsed since the earliest eviction date specified by the previous notice of eviction and the warrant has not yet been executed.

- The marshal must give the respondent an additional notice of eviction where a Court order stays the eviction after service of a notice of eviction and the stay later expires or is vacated, unless the Court specifically waives the requirement of an additional notice of eviction and the warrant of eviction is then executed forthwith.

This Department has interpreted "forthwith" to mean within five business days of the earliest date of eviction authorized by the Court's order. If the Court authorizes the eviction without an additional notice of eviction, but the marshal does not execute the warrant of eviction within five business days of the earliest date of eviction authorized by the Court's order, another notice must be given.[1]

Furthermore, even if the Court's order waives the additional notice of eviction, if thirty days have elapsed since the earliest eviction date specified by the previous notice, an additional notice must be given, unless the Court's order also authorizes execution of the warrant of eviction within five business days of the date on which the Court issues its order and the warrant of eviction is then executed within five business days of that date.

Unless the Court orders otherwise, the additional notice of eviction required by this section may be given by regular mail, provided that the appropriate notice form is used and that a certificate of mailing is retained for the marshal's records.[2] If the additional notice of

---

[1] Q-153 (August 18, 2005).

[2] Q-44 (May 14, 1974).

## Department of Investigation

eviction is mailed, the notice form for alternative service and mailing must be used and two business days must be added to the 72-hour notice period. The notice period begins the day following the date of mailing and runs for five business days. The table in § 5-2 specifies the minimum time periods between the date of mailing and the earliest eviction date.

If the additional notice of eviction required by this section is given by regular mail, the fee provided for by CPLR § 8011(f)(2)(ii) for "service of a notice of eviction on a person or persons to be served," at the amount specified in that section "for each person to be served," shall apply, and no mileage fee shall be charged.[1] The fees that may be charged for mailing "additional notices of eviction" will be capped in any individual docket case as follows:

(1) The per-person fee will be limited to two persons. The fee for mailing the additional notice of eviction to a second person will be charged only if (a) that person is individually named in the warrant and (b) the notice is mailed in a separate envelope to that person. The fee may not be charged for mailing the notice to a third or any additional person named in the warrant.

(2) The fee will be limited to two instances in which an additional notice of eviction is mailed to one or more respondents. The fee may not be charged for the third or any subsequent instance of mailing such notice of eviction to one or more persons in connection with a single warrant of eviction.

(3) Postage costs, as reimbursable expenses, are not subject to the aforementioned caps.[2]

In the alternative to mailing, the additional notice of eviction may be served by delivering it personally to the respondent, provided that an affidavit of service is completed and retained in the marshal's records. If the 72-hour notice form for personal service is delivered personally to the respondent on or before the date printed in the "Date of Notice" space, the eviction may be conducted on the fourth business day after the "Date of Notice."

A marshal shall comply with the Court's order insofar as the Court specifies how the additional notice of eviction must be given. Where the Court, either by citing the statute or

---

[1] CPLR § 8011(f)(2)(ii).

[2] Q-154 (December 1, 2008).

**Department of Investigation**  CHAPTER IV

EVICTIONS AND LEGAL POSSESSIONS

NEW YORK CITY MARSHALS HANDBOOK OF REGULATIONS   PG. 60

by using any form of the verb "serve," orders that the notice must be served in the manner prescribed in RPAPL § 735, the marshal shall serve the notice in accordance with § 5-2 of this Chapter. Where the Court either does not specify how the additional notice of eviction must be given or uses any form of the verb "mail," the marshal's mailing of the notice is sufficient for the purposes of this section.[1]

---

[1] Q-151 (May 11, 2000).

**Department of Investigation**

CHAPTER IV

EVICTIONS AND LEGAL POSSESSIONS

NEW YORK CITY MARSHALS HANDBOOK OF REGULATIONS                            PG. 61

Section 5-5: **Service of Notice of Eviction during Stay of Proceedings**

The following rules shall apply to service of notices of eviction while Court-ordered stays are in effect:

- If the Court's order stays all proceedings until a future date, a marshal shall not serve a notice of eviction until after that date.

- If the Court's order stays only the execution of the warrant until a specified future date, the notice of eviction may be served before that date.

Section 5-6: **Reimbursement of Mailing Expenses**

Any postage fees incurred in the mailing of notices of eviction are reimbursable expenses. As such, every marshal is required to ask for and receive such expenses.[1] (*See* Chapter IX, § 3, "Reimbursable Expenses.")

---

[1] CPLR § 8013; Q-123 (January 7, 1983).

# Exhibit D

## CIVIL COURT OF THE CITY OF NEW YORK

**Civil Court Directive**  Class:      DRP-153a
Subject: Service of Eviction Notices  Category:   LT-40
                                      Eff. Date:  April 14, 2000
=================================================

BACKGROUND:

    The issue of how a Notice of Eviction is to be re-served has been visited several times. Because there is still some confusion on this matter, I am directing the following in conjunction with the Department of Investigation.

DIRECTIVE:

    Where a Court Order stays an eviction after service of a Notice of Eviction, and the stay later expires or is vacated, there are two options:

    1. The Court can *specifically waive* the requirement of an additional Notice of Eviction. The Warrant is then executed forthwith.

    2. If the Court **does not** *specifically waive*, then the service of the Notice of Eviction is to be based upon the following:

        a) wherever any form of the verb *"serve"* is used, the Marshal will follow RPAPL § 735 rules.

        b) where the Court either does not specify how service is to be made, or when specifying the Court uses any form of the verb *"mail,"* the <u>mailing</u> of the Notice of Eviction to the Respondent by the Marshal <u>shall be sufficient</u>.

    Again, when directing re-service of a Notice of Eviction, the Court must be clear in how it intends such service to be made.

Dated: April 14, 2000                    Fern Fisher-Brandveen
                                         Administrative Judge